UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| RICKY LOWE, an individual; | ) CASE NO: 3:17-cv-04285 |
| | ) |
| Plaintiff, | ) JUDGE: |
| | ) |
| vs. | ) COMPLAINT FOR VIOLATION OF: |
| | ) |
| FLOWERS INDEPENDENT DISTRIBUTORS WELFARE TRUST, an Employee Welfare Benefit Plan; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut Corporation; and DOES 1 through 5, inclusive, | ) ERISA SECTION 502(a)(1)(B) ) ) [29 USCS 1132(a)(1)(B)] ) [29 USCS 1132(g)] ) ) ) ) |
| Defendants. | ) ) ) ) |

Plaintiff, Ricky Lowe ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Johnson County, Kentucky. He was an employee of Flowers Independent Welfare Trust. By virtue of his employment, he qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Flowers Independent Welfare Trust, is an employee welfare benefit plan, organized and existing under the laws of Kentucky and doing business in the Southern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Hartford Life and Accident Insurance Company, is a corporation organized and existing under the laws of Connecticut and doing business in the Southern District of West Virginia.

4. The true names and capacities of the Defendants sued herein as Does 1 through 5, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when and if they are ascertained.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).

6. Flowers Independent Welfare Trust adopted an employee benefit plan titled Flowers Independent Welfare Trust Long Term Disability Plan. The Plan was at all material times a duly organized, existing and qualified plan.

7. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9. The Plan provided for the payment of disability benefits in the event a Plan participant became disabled.

10. According to the terms of the Plan and the Denial Letter dated December 23, 2016, disability is defined in the following ways:

> **"Disability"** or **"Disabled"** means You are prevented from performing one or more of the Essential Duties of:
> 1. Your Occupation during the Elimination Period;
> 2. Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3. after that, Any Occupation.

11. On or about January 28, 2014, Plaintiff quit working as an Independent Distributor for Flowers Independent Welfare Trust because he had become totally and permanently disabled.

12. In a Fully Favorable decision dated August 1, 2016, the Social Security Administration found that Plaintiff has been under a disability since January 26, 2014.

13. Defendant, Hartford Life and Accident Insurance Company paid Plaintiff long term disability ("LTD") benefits from February 9, 2015 until February 8, 2017.

14. The definition of Disability in the Plan changed on February 9, 2017.

15. By letter dated December 23, 2016, Defendant, Hartford Life and Accident Insurance Company denied Plaintiff additional LTD benefits under the "Any Occupation" definition of disability.

16. The Plaintiff then retained the undersigned counsel, and an appeal of this denial of additional LTD benefits was filed with Defendant, Hartford Life and Accident Insurance Company on June 21, 2017.

17. By letter dated September 19, 2017, Defendant, Hartford Life and Accident Insurance Company affirmed its denial of Plaintiff's claim for additional LTD benefits under the "Any Occupation" definition of disability.

18. This denial letter dated September 19, 2017 exhausted all available administrative remedies for the Plaintiff's Long Term Disability claim.

19. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

    a. The opinions of his treating physicians, *Exhibit A*; and

    b. The Fully Favorable Decision he received from the Social Security Administration, *Exhibit B*.

20. Notwithstanding Defendants' review, the Plaintiff is disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for the Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

21. The Court has *de novo* authority to review the decision of the Plan.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants Flowers Independent Welfare Trust, Hartford Life and Accident Insurance Company and DOES 1 through 5, inclusive.)**

22. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive.

23. The Plaintiff is due rights and benefits under the terms of the Plan.

24. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

25. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

26. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

27. As a further direct and proximate result of the Defendants' actions the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

DATED: November 6th, 2017

        **UNDERWOOD LAW OFFICES**

By: _____
J. Patrick L. Stephens, WVSB#10262
**Counsel for Plaintiff**
Ricky Lowe
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (972) 292-7828
Email: pstephens@underwoodlawoffices.com